IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RALPH H. JURJENS, III,

      Plaintiff,

 v.

COUNTY OF LA CROSSE, WISCONSIN, *et al.*,

      Defendants.

ORDER

13-cv-455-wmc

---

  Plaintiff Ralph Jurjens, III, a prisoner incarcerated in the Wisconsin Department of Corrections at the Columbia Correctional Institution, has submitted a proposed civil action under 42 U.S.C. § 1983. With the exception of habeas corpus proceedings, the fee for civil actions filed after May 1, 2013 is $400 unless a litigant qualifies as indigent under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(a), in which case the fee is $350. Plaintiff has filed a certified copy of his inmate trust fund account statement in support of his motion for leave to proceed *in forma pauperis* in this case. (Dkt. # 2, # 3). After considering the motion and supporting documentation, the court concludes that plaintiff qualifies for indigent status for reasons set forth briefly below.

  Because plaintiff is incarcerated, his case is governed by the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(b), which requires indigent inmates to pay by installment the entire filing fee for civil actions and appeals. The federal *in forma pauperis* statute does not permit a court to waive a prisoner's entire obligation to pay filing fees, but it does allow a qualifying individual to proceed without prepaying some or all of the filing fee. To determine whether a prisoner qualifies for indigent status for purposes of the PLRA, this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to

proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint. In other words, he must make an initial partial payment of the filing fee before the court will consider his complaint. Thereafter, he shall be required to make monthly installment payments from his trust fund account. 28 U.S.C. § 1915(b)(2).

Using information for the relevant time period from plaintiff's trust fund account statement, 20% of the average monthly deposits to plaintiff's account is $16.43, but 20% of plaintiff's average monthly balance is $64.00. Because the greater of the two amounts is 20% of the average monthly balance, or $64.00, this is the amount plaintiff will be assessed as an initial partial payment of the filing fee. For this case to proceed, plaintiff must submit this amount on or before July 22, 2013.

Plaintiff has filed a motion to use his inmate release account to pay the filing fee in this case. (Dkt. #4). The federal *in forma pauperis* statute suggests that prison officials are required to use a prisoner's release account to satisfy an initial partial payment if no other funds are available, *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005), and the State of Wisconsin has conceded that the PLRA, 28 U.S.C. § 1915(b)(1), supersedes any restrictions state law imposes on the availability of funds in a prisoner's release account. Therefore, if sufficient funds do not exist in plaintiff's regular account to pay his initial partial payment, he should be allowed to use his release account to pay some or all of the assessed amount. This does not mean that plaintiff is free to ask prison officials to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $64.00 initial partial payment. Before prison officials take any portion of that amount from plaintiff's release

account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to ensure that they are aware they should send plaintiff's initial partial payment to this court.

In addition, the court notes that plaintiff has filed a motion for "appointment of counsel." (Dkt. #5). It is well established that civil litigants have no constitutional or statutory right to the appointment of counsel. *See, e.g., Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). The most a court can do is determine whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that, at most, the federal IFP statute confers discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). In other words, a reviewing court only has discretion to recruit a volunteer. *Ray*, 706 F.3d at 867. Until the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A, any motion requesting the assistance of volunteer counsel must be denied as premature. The court will reconsider plaintiff's request after it has completed the screening process.

ORDER

IT IS ORDERED that:

1. The motion filed by plaintiff Ralph H. Jurjens, III for leave to proceed without prepayment of fees (Dkt. # 2) is GRANTED.

2. Plaintiff is assessed $64.00 as an initial partial payment of the $350 fee for filing this case as an indigent litigant. He shall submit a check or money order made payable to the "Clerk of Court" in the amount of $64.00 on or before July 22, 2013. **Plaintiff is advised that, if he fails to comply as directed or show cause of his failure to do so, the court will assume that he does not wish to proceed and this case will be dismissed without further notice pursuant to Fed. R. Civ. P. 41(a)**.

3. Plaintiff's motion to use release account funds (dkt. #4) to pay the initial partial payment he has been assessed in this case is GRANTED in part as explained in this order.

4. Plaintiff's motion for appointment of counsel (Dkt. #5) is DENIED without prejudice to reconsideration.

5. No further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue as soon as practicable depending on the demands of this court's heavy docket.

Entered this 27th day of June, 2013.

> BY THE COURT:
>
> /s/
> PETER OPPENEER
> Magistrate Judge