IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RALPH H. JURJENS,

                        Plaintiff,

v.

COUNTY OF LA CROSSE,
WISCONSIN, *et al.*,

                        Defendants.

ORDER

13-cv-455-wmc

---

Plaintiff Ralph H. Jurjens filed this civil action pursuant to 42 U.S.C. § 1983, alleging that he was denied adequate, timely medical care for a broken ankle sustained while in custody at the La Crosse County Jail. At plaintiff's request, the court recruited counsel Emily Feinstein of the highly-regarded law firm of Quarles & Brady in Madison, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter her appearance as plaintiff's *pro bono* counsel for the record.

The next step is for the court to hold a pretrial scheduling conference. Plaintiff's counsel should contact the Wisconsin Department of Corrections for purposes of consulting with plaintiff in the preparation of his case whether by phone and/or in person. So that counsel will have sufficient time to consult with plaintiff in advance of a preliminary pretrial conference, the clerk's office will be directed to set that conference in

February 2014, as the court's schedule allows.

Finally, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at her direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to have heard, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting him from doing so. Accordingly, plaintiff must be prepared to accept the strategic decisions made by his lawyers even if he disagrees with some of them.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

## ORDER

IT IS ORDERED that the clerk's office enter Emily Feinstein of Quarles & Brady as plaintiff's *pro bono* counsel of record and to set this case for a pretrial conference in February 2014, as the court's schedule allows.

Entered this 4th day of December, 2013.

BY THE COURT:

/s/
_____

WILLIAM M. CONLEY
District Judge